IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.                              :    Criminal Case No. DKC 20-0070

RAJEIM ALI BRADSHAW

**MEMORANDUM OPINION**

On April 1, 2020, Magistrate Judge Deborah Boardman detained Mr. Bradshaw after conducting a hearing, reviewing the reports of Pretrial Services, and reading letters from the government. (ECF No. 21). On July 30, 2020, Defendant filed the pending motion for review of that order. (ECF No. 27). The court directed the parties to file whatever information each wished the court to review because, while *de novo* determination is required, a hearing is not. (ECF No. 29, citing *United States v. Martin*, 2020 WL 1274857 (D.Md. March 17, 2020)). The government had previously filed a response, reiterating the arguments previously made before the magistrate judge. (ECF No. 28). Based on a *de novo* review of the written material, including reports from Pretrial Services, and after listening to the recording of the detention hearing held on April 1, 2020, the court concludes that detention is warranted, in that, based on clear and convincing evidence, there are no conditions or combination of conditions that will reasonably assure the safety of the community, and based on a preponderance

of the evidence, there are no conditions or combination of conditions that will reasonably assure the appearance of the defendant.

Mr. Bradshaw, in his appeal, argues that he is not a flight risk because he has lived in Baltimore for over 35 years, is married, and has three children living in the area. He notes that he was gainfully employed prior to his arrest and needs to work to support his family, and that he obtained his GED and attended courses at Baltimore City Community College.

Pursuant to 18 U.S.C. § 3142(g), the court considers information concerning four factors: the nature and circumstances of the offense charged, the weight of the evidence, the history and characteristics of the person (including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol use, criminal history, record concerning appearance at court proceedings, whether the person was on probation or other form of release at the time of the current arrest), and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The defendant is charged with possession of a firearm by a prohibited person. There is strong evidence supporting the government's case against Mr. Bradshaw, consisting of physical evidence seized pursuant to a search warrant in June 2019. The

defendant has not challenged the proffers made by the government. In a bedroom identified as belonging to the defendant law enforcement found two firearms, including an AR 15 semi-automatic rifle, a .40 caliber pistol, live ammunition, more than $40,000 in cash, an ounce of cocaine, and cell phones. Elsewhere in the house were 5 and ½ kilos of fentanyl and 1 kilo of heroin. The defendant was not home at the time of the search and, according to the government, neither he nor his wife ever returned to that residence thereafter. He reported to Pretrial that he had been living with his friend since February 1, 2020. When arrested in March 2020, the defendant was in a vehicle with over $17,000, $900 of which was on his person. His criminal history, while somewhat dated, includes drug offenses and firearm possession. He has lived in Maryland since he was a teenager, and his family lives in the area.

The danger presented by the presence of firearms by prohibited persons cannot be overstated. While he is a long-standing member of the community, with family ties and work history, the presence of firearms in a home with a significant quantity of fentanyl and heroin, and large sums of money bespeak to both danger and flight. As noted by Judge Boardman, the money demonstrates the financial means to flee, and the serious federal charge provides incentive. While he is not charged with drug distribution, the types and quantities of drugs found present an extraordinary danger to the community should they have hit the street.

Section 3142(i) provides a distinct statutory basis for pretrial release. Under that section, the court may "permit the temporary release of [a] person" to "the custody of a United States marshal or another appropriate person," if the court determines that pretrial release is "necessary . . . for another compelling reason." The defendant bears the burden of establishing circumstances warranting temporary release. *United States v. Lee*, 2020 WL 1974881 (D.Md. April 24, 2020)(citing the Fourth Circuit's order in *United States v. Creek*, CCB 19-036, ECF no. 402.) Under that directive, the court is to consider the risk that the virus poses to a defendant, given his medical conditions and the current situation at the facility where he is being held, and whether that risk, balanced against the other factors, rises to a level of a compelling reason for temporary release. Mr. Bradshaw reportedly suffers from asthma and high blood pressure. Given the current absence of an active COVID-19 presence in the DC Jail, the risk to his health does not offset the very serious risk of flight and danger to the community that would be posed by his release. Therefore, temporary release under § 3142(i) is denied.

For the foregoing reasons, based on a *de novo* review, the detention order is CONFIRMED. A separate order will follow.

                                        /s/
                              DEBORAH K. CHASANOW
                              United States District Judge